COURT OF APPEALS OF VIRGINIA


Present: Judges Benton, Bray and Bumgardner


DOUGLAS ALLEN TIGNOR

                                    MEMORANDUM OPINION* BY
v.    Record No. 2861-99-3          JUDGE RICHARD S. BRAY
                                         JULY 18, 2000
PATRICIA LYNN SMITH TIGNOR


              FROM THE CIRCUIT COURT OF SCOTT COUNTY
                      Ford C. Quillen, Judge

          (John H. Qualls, on brief), for appellant.
          Appellant submitting on brief.

          No brief or argument for appellee.


     Douglas Allen Tignor (husband) and Patricia Lynn Smith Tignor
(wife) were divorced by decree of the trial court entered November
4, 1999, as amended December 2, 1999, which included an award to
wife of "30.3% of the marital share of [husband's lump sum]
workers' compensation recovery," pursuant to the provisions of
Code § 20-107.3(H).  On appeal, husband contends that the court
erroneously classified such "lump sum . . . settlement" as marital
property.  We agree and reverse the disputed award.

     The parties are fully conversant with the record, and this
memorandum opinion recites only those facts necessary to a
disposition of the appeal.

     * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

The relevant facts, before this Court on an "Amended Statement of Facts," together with related documentary evidence, are substantially uncontroverted.

The parties married on June 21, 1991. Thereafter, on August 30, 1996, husband suffered an industrial injury while employed with Vanderpool Electric Company in Tennessee, resulting in an award of compensation and other benefits pursuant to the Tennessee "Workers' Compensation Law." By "Final Decree" entered May 17, 1999, amended June 8, 1999, the "Chancery Court for Washington County at Johnson City, Tennessee," approved a "lump sum settlement" of husband's compensation claim, finding

> that at the time of said accident, [husband] was earning an average weekly wage of approximately $381.72, which would entitle [husband] to a compensation rate of $254.48 per week under the Workers' Compensation Law of Tennessee; that [husband] was away from his employment as a result of said injury for a period of 71.6 weeks for which [husband] has received benefits for temporary total disability in the amount of $18,228.43; that the medical evidence shows that [husband] has sustained a 40% permanent physical impairment to the right upper extremity as a result of said accident and injury; that the parties hereto have agreed upon a lump sum settlement of all matters in controversy by allowing [husband] permanent partial disability benefits of 64.8% to the right arm, the equivalent of a total of 129.676 weeks at a rate of $254.48 per week, which would amount to $33,000.00, and . . . that said settlement is in all respects in accordance with . . . the Workers' Compensation Law of Tennessee, [and] in the best interest of [husband] . . . .

-

The Tennessee decree further confirmed that husband "has incurred doctor and hospital bills to the extent of $30,703.90" that "have been or will be paid by the Compensation Carrier" and ordered he "be solely responsible for any future medical benefits incurred."

On December 12, 1997, following the industrial accident and during the pendency of husband's related claim, the parties separated, and, on September 17, 1998, wife lodged a bill of complaint for divorce in the trial court.  The parties did not thereafter reconcile and were divorced by the decree now in issue, which, in pertinent part, classified husband's entire lump sum compensation award, $33,000, as marital property, awarding her 30.3%, $10,000.  On appeal, husband pursues his argument raised before the trial court, contending that the lump sum award did not constitute marital property, as contemplated by Code § 20-107.3(H).

Code § 20-107.3(H) provides:

> In addition to the monetary award made pursuant to subsection D, and upon consideration of the factors set forth in subsection E, the court may direct payment of a percentage of the marital share of any . . . workers' compensation recovery of either party, whether such recovery is payable in a lump sum or over a period of time.  However, the court shall only direct that payment be made as such recovery is payable . . . .  "Marital share" means that part of the total . . . workers' compensation recovery attributable to lost wages or medical expenses to the extent not covered by health insurance accruing during

-

> the marriage and before the last separation
> of the parties, if at such time or
> thereafter at least one of the parties
> intended that the separation be permanent.

(Emphasis added.)

The instant record discloses that, prior to the settlement, husband received $254.48 per week in temporary permanent disability benefits, based upon an average weekly salary of $381.72, for a period of 71.6 weeks. Additionally, he received $30,703.90 in medical benefits. Such sums fully compensated husband for any recovery attributable to lost wages or medical expenses that accrued during the marriage and before the last separation of the parties. Thus, no portion of the post-separation lump sum settlement was subject to distribution as a "marital share."

Accordingly, we reverse the award and remand the proceedings to the trial court for further consideration consistent with this opinion.

Reversed and remanded.

-